**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Darryl Stanley PAXTON, Jr., Defendant–Appellant.**

**No. 11–11441 Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Jan. 10, 2012.

John D. Couriel, Kathleen M. Salyer, Anne R. Schultz, U.S. Attorney's Office, Wifredo A. Ferrer, U.S. Attorney, U.S. Attorney's Office, Miami, FL, Jason Linder, Michael Garrett Walleisa, U.S. Attorney's Office, Fort Lauderdale, FL, for Plaintiff–Appellee.

Robin J. Farnsworth, Federal Public Defender's Office, Ft. Lauderdale, FL, Kathleen M. Williams, Federal Public Defender, Miami, FL, for Defendant–Appellant.

Before TJOFLAT, EDMONDSON and PRYOR, Circuit Judges.

PER CURIAM:

The district court convicted Darryl Stanley Paxton, Jr., on pleas of guilty, made pursuant to a plea agreement, to all counts of a 15–count indictment: Counts 1 through 6, wire fraud, in violation of 18 U.S.C. § 1343; Counts 7 through 10, fraudulent use of a Social Security number, in violation of 42 U.S.C. § 408(a)(7)(B); and Counts 11 through 15, money laundering, in violation of 18 U.S.C. § 1957(a). The court then sentenced Paxton to concurrent prison terms of 84 months on Counts 1 through 6 and 11 through 15 and 60 months on Counts 7 through 10.[1] The court imposed the 84 months' sentences at the bottom third of the Guidelines sentence range, 78 to 97 months.

Paxton now appeals the sentences he received on Counts 1 through 6 and 11 through 15 on the ground that they are procedurally unreasonable, to-wit: the district court improperly enhanced the U.S.S.G. § 2B1.1 base offense level (for the 18 U.S.C. § 1343 offense) by two levels pursuant to special offense characteristic § 2B1.1(b)(10)(C)(i) on the ground that he used a fictitious name to obtain bank loans and lines of credit rather than an actual name.[2]

Paxton's claim that the challenged sentences are procedurally unreasonable fails because Paxton, in pleading guilty, admitted that he used a valid Social Security number to obtain certain loans; the admission was contained in the factual basis for his pleas of guilty. In short, the court appropriately applied the two-level enhancement provided by § 2B1.1(b)(10)(C)(i). *United States v. Auguste*, 392 F.3d 1266, 1268 (11th Cir.2004); *accord United States v. Williams*, 355 F.3d 893, 898–900 (6th Cir.2003). Paxton's sentences on Counts 1–6 and 11–15 are accordingly

AFFIRMED.

1. As part of Paxton's sentences on Counts 1 through 6 and 11 through 15, the district court ordered Paxton to make restitution in the stipulated amount of $ 1,519,856.

2. In determining the 78–97 months Guidelines sentence range, the district court, adopting the probation office's determination, fashioned three groups: Counts 1–6, 7–10, and 11–15, and then grouped these groups together. The guidelines for Counts 1–6 embodied the special offense characteristic at issue here and thus provided the highest offense level in the case-for Counts 1–6 and 11–15.